UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2155(DSD/JMM)

Craig S. Weber,

Plaintiff,

v. **ORDER**

Wal-Mart Stores, Inc.,

Defendant.

Joel C. Monke, Esq. and Monke Law Office, 7650 Currell Boulevard, Suite 315, Woodbury, MN 55125, counsel for plaintiff.

Andrew L. Marshall, Esq., Kelly A. Putney, Esq. and Bassford, Lockhart, Truesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant's motion for summary judgment [Docket No. 9]. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion.

**BACKGROUND**

On February 12, 2000, plaintiff Craig Weber shopped at the Wal-Mart store in Vadnais Heights, Minnesota. Plaintiff's girlfriend and her two daughters accompanied plaintiff. Plaintiff stated that it was snowing "a little better than medium" when they

FILED 12-10-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 12-10-01
Deputy Clerk's Initials ______

arrived at the store. (Weber Dep. at 26-27.) At that time, there was an accumulation of approximately two inches of snow already on the ground. (Weber Dep. at 26-27.)

After forty-five minutes in the store, plaintiff walked to the car. It still was snowing. (Weber Dep. at 31.) Plaintiff loaded their purchases into his car. As he was closing the door on the vehicle, he slipped and fell. (Weber Dep. at 31.) Plaintiff claims that he slipped on a portion of the curb which was "cutout" and which was covered with the newly fallen snow. (Weber Dep. at 31-33.)

Plaintiff commenced this action against Wal-Mart in August of 2000, alleging that defendant's negligence caused plaintiff's fall and resulting injury. In particular, plaintiff claims defendant was negligent in failing to maintain its premises by keeping it free from snow and ice and by failing to warn of the "cutout." Defendant now moves for summary judgment and the court grants defendant's motion.

## DISCUSSION

### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**B. Negligence**

Plaintiff contends that defendant was negligent (1) by failing to remove the snow from the sidewalk and (2) by failing to warn of

the irregular surface of the curb, which the snow concealed. Because plaintiff presents no evidence of defendant's negligence, the court grant's defendant's motion for summary judgment.

Defendant was not negligent in failing to remove snow from the sidewalk. Minnesota courts repeatedly have found that a business establishment may, without being negligent, wait until the end of a storm and a reasonable time thereafter before removing ice and snow from its outside entrance walks, platform, or steps. Mattson v. St. Luke's Hospital of St. Paul, 89 N.W.2d 743, 745 (1958)("it is the general rule that a business establishment or other inviter may, without violating its duty to exercise reasonable care for the safety of business guests or invitees, await the end of a freezing rain or sleet storm and a reasonable time thereafter before removing ice and snow from its outside entrance walks, platform, or steps."); Hedglin v. Church of St. Paul of Sauk Centre, 158 N.W.2d 269 (1968)("Reasonable care requires only that the possessor shall remove the ice and snow, or take other appropriate corrective action, within a reasonable time after the storm has abated."); Niemann v. Northwestern College, 389 N.W.2d 260 (Minn. Ct. App. 1986)("absent extraordinary circumstances, a business or other inviter may await the end of a storm and a reasonable time thereafter before removing ice and snow from sidewalks and steps.").

Here, plaintiff admits that it was snowing "a little better than medium" when he entered defendant's store and that it still was snowing when he left the store forty-five minutes later. (Weber Dep. at 26-27, 31.) Because plaintiff presents no evidence of extraordinary circumstances, defendant did not have a duty to remove the snow during this time period. Plaintiff's claim that defendant was negligent in refusing to remove the snow therefore fails.

Additionally, because plaintiff presents absolutely no evidence that defendant had a duty to warn about the "cut-out" in the sidewalk, the court finds that defendant was not negligent in failing to warn about it. The court therefore grants defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Docket No. 9] is granted and plaintiff's claim is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 10, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500